FILED
United States Court of Appeals
Tenth Circuit

November 23, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDGAR RIVERA, on behalf of
himself and all others similarly
situated,

        Plaintiff - Appellant,

v.

EXETER FINANCE CORP.,

        Defendant - Appellee.

No. 20-1031
(D.C. No. 1:15-CV-01057-PAB-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **MURPHY**, Circuit Judges.

Pesky robocalls: we all get them, we all hate them, and yet we all cannot seem to get rid of them, no matter how many times we unsubscribe, hang up, or share choice words with the machine on the other end of the line. Edgar Rivera shares this sentiment and filed an action against Exeter Finance Corp., an auto loan financing company whose autodial system allegedly called him without his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

consent over two hundred times, sometimes in the early morning hours and as many as seven times a day.

Rivera is not the only one suffering from Exeter's vexatious robocalls, so he sought to bring a class action lawsuit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, which outlaws the use of automatic telephone dialing systems to call cell phone numbers without prior express consent. The district court denied both of his attempts at class certification, the second of which is on appeal.

In his second attempt at class certification, Rivera submitted a list of 482 names to the district court.[1] That list was it. This novel approach puts the cart before the horse.

At the class certification stage, the plaintiff must submit a proposed class definition, which allows the district court to evaluate the Federal Rule of Civil Procedure 23 requirements and determine whether to certify the proposed class. Submission of a list of names is not in and of itself fatal to class certification, *but a failure to also define the class is*. If the district court is only given a list of

---

[1] In his second motion for class certification, Rivera asked the district court "to certify a class of 482 cell phone subscribers—including Rivera—identified in Exhibit A attached hereto . . . ." App. 139. This list of names was determined by Rivera's counsel based on a method that included subjective criteria, like eliminating names or addresses that were "similar to the prior subscriber's name or address" and that "reflect[ed] businesses or [had] false or inadequate name or address information." *Id*. 143.

names, it must work backwards to determine which commonalities between the members could make it a class in order to come up with a class definition. Indeed, "[a]n order that certifies a class action must define the class . . . ." Fed. R. Civ. P. 23(c)(1)(B). But defining the class from scratch is not the district court's job. It is the burden of the plaintiff seeking class certification, here Rivera, to show the class certification requirements are satisfied, *see Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006), and the submission of a list of names without a class definition falls short of satisfying this burden.[2]

The district court's denial of class certification is accordingly **AFFIRMED**.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

---

[2] The invited error doctrine prohibits the panel from considering Rivera's argument on appeal that the district court committed reversible error by "skipp[ing] over a traditional Rule 23 analysis and [going] straight to ascertainability," Aplt. Br. at 21, because he argued the opposite below. *See* App. 144; *John Zink Co. v. Zink*, 241 F.3d 1256, 1259 (10th Cir. 2001) ("The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error.").